IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHLEEN DAVENPORT, )
 )
       Plaintiff, )
 )
vs. ) Civil Action No. 07-307
 )
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
       Defendant. )

O R D E R

AND NOW, this 5th day of March, 2008, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp.

1

942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

The Administrative Law Judge ("ALJ") concluded that Plaintiff had the residual functional capacity to perform her past relevant work as a mall cleaner and was, therefore, not disabled, as defined in the Social Security Act. Plaintiff challenges the ALJ's determination that her mental impairments did not meet or equal in severity any listed impairment and that she possessed the residual functional capacity ("RFC") to perform work that is available in the national and local economies. See 20 C.F.R. § 404.1520.

The Court finds that the ALJ properly concluded that Plaintiff's impairments did not meet the criteria for any of the Listings found at 20 C.F.R. Part 404, Subpart P, Appendix 1. Plaintiff plainly did not meet her burden of showing that her impairments or combination of impairments met all of the criteria set forth in Listings 12.04 ("Affective Disorders") or 12.06 ("Anxiety-Related Disorders"). See Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990) ("An impairment that manifests only some of those criteria, no matter how severely, does not qualify.").

Regarding the ALJ's RFC analysis, Plaintiff raises three arguments: (1) the ALJ erroneously concluded that Plaintiff's testimony was not entirely credible; (2) the ALJ failed to properly consider the opinion of her treating doctor; and (3) the ALJ erred in finding that she could perform work that was available in the national or local economies.

First, the Court finds that the ALJ gave proper consideration to Plaintiff's testimony concerning the intensity, duration and limiting effects of the symptoms of her major depressive disorder and PTSD, which he found to be "not fully credible." R.14-15; see also 20 C.F.R. § 404.1529. The ALJ reached this conclusion after a careful review of Plaintiff's medical records, which did not corroborate Plaintiff's subjective testimony. R.14-17. The ALJ found substantial evidence in the record that was inconsistent with her subjective complaints, including clinical findings, the course of treatment and the level of Plaintiff's daily activities. R. 14-17.

Second, the Court finds that substantial evidence supports the ALJ's determination assigning minimal weight to the opinions of Charles Franchino, M.D., and Pamela Baker, M.S., a therapist, that Plaintiff is permanently disabled. R.18, 242-43. Dr. Franchino rendered this opinion in the context of Plaintiff's application for state welfare benefits, and, in any event, such opinions are not controlling, as the Commissioner must make his own determination as to whether a claimant

(continued...)

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

/s/ Gustave Diamond
United States District Judge
(for Judge Alan N. Bloch)

ecf:     Counsel of record

---

¹(...continued)
is disabled. 20 C.F.R. § 404.1527(e)(1). The ALJ also properly considered Ms. Baker's opinion, which is not an acceptable medical source. 20 C.F.R. § 404.1513.

Third, the Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff could perform her past relevant work. (Plaintiff incorrectly asserts that the ALJ decided this matter at step five of the sequential evaluation process.) Although vocational expert testimony was not required at step four, the ALJ's hypothetical question to the expert took into account her non-exertional limitations.

Substantial evidence supports the ALJ's conclusions at steps three and four of the evaluation process, and the decision of the Commissioner is affirmed.